| | AUSA: Sara D. Woodward | Telephone: 313-226-9180 |
|---|---|---|
| AO 91 (Rev. 08/09) Criminal Complaint | Special Agent : Scott Wheeler | Telephone: 313-965-2323 |

# UNITED STATES DISTRICT COURT
## for the
## Eastern District of Michigan

5

United States of America,

        Plaintiff,

v.

JANAROL ALI DICKENS

Case: 2:14-mj-30379
Judge: Unassigned,
Filed: 07-29-2014 At 10:08 AM
USA v. JANAROL ALI DICKENS (mlw)(cmp)

        Defendant(s).

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief:

On or about the date(s) of <u>June 10 and 11, 2012</u>, in the county of <u>Wayne and elsewhere</u> in the <u>Eastern</u> District of <u>Michigan</u>, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2244(b) | Abusive sexual contact |

This criminal complaint is based on these facts:
See affidavit.

☒ Continued on the attached sheet.

_____
Complainant's signature

<u>Special Agent Scott Wheeler, FBI</u>
Printed name and title

Sworn to before me and signed in my presence.

Date: July 29, 2014

_____
Judge's signature

City and state: Detroit, Michigan

<u>Donald A. Scheer, U.S. Magistrate Judge</u>
Printed name and title

## AFFIDAVIT

I, Special Agent Scott Wheeler, swear and affirm as follows:

## INTRODUCTION

1. Your affiant has been employed as a Special Agent of the Federal Bureau of Investigation (FBI) for over three years, and is currently assigned to the Violent Crime Task Force (VCTF) in the Detroit Division of the FBI. I have participated in investigations of violent crimes and violent crimes involving firearms and the illegal sale of dangerous drugs. Prior to the FBI, I was a forensic psychologist and evaluated persons who had committed violent crimes. As a federal agent, I am authorized to investigate violations of laws of the United States.

2. As a federal agent, Affiant is authorized to investigate violations of the laws of the United States and is a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

3. The statements contained in this Affidavit are based on my experience and background as a special agent and on information provided by police officers, task force officers (TFOs), other agents of the FBI, and other law enforcement officers. I have not set forth every fact resulting from the investigation; rather, I have set forth a summary of the investigation to date in order to establish that JANAROL ALI DICKENS did engage in sexual assault aboard an aircraft leaving Detroit, Michigan in violation of 18 U.S.C. § 2244(b).

## DETAILS OF THE INVESTIGATION

4.  On June 10, 2012, a nineteen year-old woman (Victim-1, or "V-1") boarded a Delta Airlines flight leaving Detroit, Michigan bound for Amsterdam. On the flight to Amsterdam, V-1 was seated next to JANAROL ALI DICKENS, a thirty-two year-old man. DICKENS engaged V-1 in conversation, and asked her to watch a movie with him. V-1 declined. At some point during the flight, V-1 fell asleep. When V-1 awoke a short time later, DICKENS' hand was in her pants, underneath her underwear. DICKENS was rubbing V-1's genitals. In addition, V-1 discovered that DICKENS had pulled her arm onto his lap, and that her hand was on his erect penis.

5.  V-1 got out of her seat, gathered her belongings, and approached the flight crew. V-1 spoke with a flight attendant and explained what had just happened. V-1 began to cry. The flight attendant observed that V-1 was tearful and trembling. The flight attendant gave V-1 a new seat for the duration of the flight.

6.  When the flight landed in Amsterdam, V-1 was interviewed by the Dutch Royal Military Police ("Dutch Police").

7.  Dutch Police also interviewed DICKENS when he got off the flight. DICKENS denied any sexual contact between himself and V-1.

8.  On April 22, 2014, DICKENS returned to the United States on a flight that landed in Miami, Florida. Upon arrival, DICKENS was interviewed at the

airport by FBI Agent Catherine Weidman. Initially, DICKENS denied ever being detained or interviewed by law enforcement for any crime. When asked specifically about Amsterdam in June 2012, DICKENS admitted that he was detained by Dutch Police. When asked about the flight with V-1, DICKENS stated that he remembered the flight, and initially denied any physical contact with V-1. After further questioning, DICKENS admitted that he put his hand inside V-1's pants, but claimed that his hand was outside of her underwear. DICKENS said his hand was in V-1's pants for approximately 10 seconds. DICKENS admitted that V-1 did not give him consent to put his hand in her pants.

9. Based on my training and experience, there is probable cause to believe that JANAROL ALI DICKENS violated 18 U.S.C. § 2244(b), by knowingly engaging in sexual contact with another person without that other person's permission.

10. This court has jurisdiction over this crime pursuant to 18 U.S.C. §§ 46501 and 46505, because the crime was committed on an aircraft that had its last place of departure in the United States.

*[signature]*
Special Agent Scott Wheeler
Federal Bureau of Investigation

Sworn to before me and subscribed
In my presence, this 29th day of July, 2014.

*[signature]*
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE